IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARSHA CHAMBERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | Civil Action No. 3:06-CV-1957-K |
| v. § | |
| § | |
| SPCA OF TEXAS et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Special Order 3-251, this case has been referred this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is a *Motion to Dismiss and Brief in Support of Defendants SPCA of Texas, Art Muñoz, and James Bias*, filed November 17, 2006, and *Plaintiff's Second Motion for Leave to Amend Petition and Add Additional Parties Which Are Indispensable*, filed January 22, 2007.

**I. BACKGROUND**

On October 23, 2006, Plaintiff filed an original complaint under 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 1962, alleging that defendants SPCA of Texas, Art Muñoz[1], James Bias, Richard Clemmo, David Byrnes, Katrina Sandburg, Judge Johnny Perry, and Kaufman County, Texas, participated in a conspiracy to violate her civil and constitutional rights through an allegedly improper forfeiture proceeding which divested her of ownership of 121 dogs and 1 cat. (*See* Compl. at 1). Plaintiff also

---

[1] Plaintiff spells this defendant's last name as "Munez." (*See* Compl. at 2). Defendants' motion to dismiss clarifies the correct spelling is "Muñoz." (*See* Def. Mot. at 1).

1

alleged various state law claims, including aiding and abetting, ultra vires acts, conversion, fraudulent trespass, malicious prosecution, abuse of process, defamation, intentional infliction of emotional distress, and assault. *Id*. In particular, Plaintiff alleges that the state judge who presided over the forfeiture hearing violated her constitutional rights because he lacked subject matter jurisdiction over Plaintiff's animals that were worth over $60,000, and various defendants conspired to take possession of her animals and to bring the forfeiture matter before a court that lacked jurisdiction. (*See* Am. Compl. at 2).[2] Plaintiff further alleges that Richard Clemmo violated her rights by bringing a malicious prosecution; David Byrnes intentionally caused severe emotional distress; and the SPCA violated her civil rights when it allowed Art Muñoz to represent himself as a law enforcement agent in order to gain entry into her home and kennel, and allowed him to alter the photographs that were used in evidence against her. (*See* Am. Compl. at 3). Plaintiff also alleges a claim of aiding and abetting against Kaufman County and the SPCA for falsely filing criminal charges, and /or attempting to make a profit from the sale of her animals. (*Id.*). Plaintiff seeks monetary damages to compensate her for: the value of the property taken, loss of past and future business income, mental anguish and emotional distress. (*See* Am. Compl. at 5). She also seeks the return of three dogs that were family pets, as well as exemplary damages. (*See* Am. Compl. at 6-7).

Defendants SPCA, Art Muñoz, and James Bias (collectively "SPCA Defendants") filed their motion to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure on November 17, 2006. Plaintiff filed a response to the SPCA Defendants' motion to dismiss and a motion for leave to amend petition and add additional parties on January 22, 2007. Because the Court finds

---

[2] Because the Court grants Plaintiff's motion for leave to file her amended complaint in this opinion, it cites to Plaintiff's allegations as stated therein.

that Plaintiff's motion for leave to amend petition should be granted, Defendants' motion to dismiss is moot. Nevertheless, under 28 U.S.C. § 1915(e)(2), it appears that the Court lacks subject matter jurisdiction and this action should be dismissed in its entirety.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave to amend her complaint to remove the "alleged state claims from the federal case" and to add parties. (*See* Mot. at 1, 2). Rule 15 of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). The Fifth Circuit has defined a "responsive pleading" by reference to the definition of a pleading in Rule 7(a) and held that neither a motion to dismiss or a motion for summary judgment is a responsive pleading. *See Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir. 1984). Thus, the motion to dismiss filed by the SPCA Defendants is not a responsive pleading that would cut off Plaintiff's right to amend. *Id.* Because none of the Defendants have answered Plaintiff's original complaint, she is entitled to amend her complaint as a matter of course. FED. R. CIV. P. 15(a).

The SPCA Defendants oppose Plaintiff's motion for leave to amend for two reasons: (1) the amendment is futile because the court lacks subject-matter jurisdiction over Plaintiff's federal claims under the *Rooker-Feldman* doctrine,[3] and (2) plaintiff has failed to show the unnamed defendants "John and Jane Doe as they become known" are indispensable parties. *See* Response to Plaintiff's Second Motion for Leave to Amend at 1. Neither of these reasons defeat Plaintiff's automatic right to amend her complaint before a responsive pleading has been filed.

---

[3] The *Rooker-Feldman* doctrine takes its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

Although Plaintiff has an automatic right to amend her complaint before a responsive pleading has been filed, she has nonetheless moved for leave to filed the amended complaint. The Fifth Circuit has addressed this exact situation. "When, as in this case, a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant the petition." *Zaidi*, 732 F.2d at 1220 (citing *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir. 1947); *accord*, *Kirk v. United States*, 232 F.2d 763 (9th Cir. 1956)). The Court, therefore, **GRANTS** Plaintiff's motion for leave to file her amended petition.

### III.  MOTION TO DISMISS

The SPCA Defendants move to dismiss Plaintiff's original complaint pursuant to Rule 12(b)(1) on the ground the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, and alternatively, pursuant to Rule 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief can be granted. *See* Motion to Dismiss at 1. In light of the Court's foregoing decision to grant Plaintiff's motion for leave to amend her complaint, the SPCA Defendants' motion to dismiss Plaintiff's original complaint is moot. *See Oscar Private Equity Investments v. Allegiance Telecom, Inc.*, No. 3:03-CV-2761-H, 2004 WL 524943, at *3 (N.D. Tex. Mar. 17, 2004). Accordingly, the SPCA Defendants' motion to dismiss should be **DENIED.**

### IV.  SCREENING

Even though the SPCA Defendants' motion to dismiss on the ground the Court lacks jurisdiction under the *Rooker-Feldman* doctrine is moot, the Court can nevertheless proceed to examine whether it has jurisdiction over the claims as alleged in Plaintiff's amended complaint. Plaintiff has been granted permission to proceed *in forma pauperis*. *See* Doc. No. 9, (3:06-CV-1957-K) (N.D. Tex. Nov. 17, 2006). Because she is proceeding *in forma pauperis*, her complaint is subject to screening under

28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.* A federal court's duty to screen "includes responsibilities to determine first whether the case is based on a recognized legal theory, and second, to make an initial assessment of the movant's factual allegations in light of what movant must eventually prove at trial if movant is to recover on that theory." *Tatum v. Community Bank,* 866 F. Supp. 988, 995-96 (E.D. Tex.1994).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when the facts, as pleaded, do not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

## V. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001). *Rooker-Feldman* is a jurisdictional doctrine that the Court can raise *sua sponte*. *See Holleman v. West End Cab Co.*, No. 3:01-CV-1166-R, 2001 WL 1295520, at *1 (N.D. Tex. Oct. 9, 2001); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

**A.     Claims of Plaintiff Marsha Chambers**

Plaintiff amended her complaint to drop the state law claims and chose to proceed only on her federal law claims. Pursuant to 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 1962, Plaintiff attempts to pursue various conspiracy claims that arise from an alleged improper forfeiture proceeding, which divested her of ownership of 121 dogs and 1 cat. (*See* Am. Compl. at 2-4). Section § 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Although Plaintiff does not expressly identify the specific subsection of § 1985 upon which she relies,[4] it appears that she based her claims on subsection three.[5] That subsection prohibits a conspiracy to deprive a person of equal protection of the laws, or of equal privileges and immunities under the laws. *See* 42 U.S.C. § 1985(3). Section 1962 makes it unlawful for any person to engage in a conspiracy to use or invest income derived from a pattern of racketeering activity in any enterprise engaged in, or the activities which affect, interstate or foreign commerce. 18 U.S.C. § 1962(a). Simply, Plaintiff broadly alleges a conspiracy under each of these statutes against the various defendants whom she avers violated her civil rights and acted to deprive her of her animals.

Although Plaintiff denies that she seeks review of the state court's forfeiture order, (*see* Am. Compl. at 4), she bases her claims on the actions and events that led to the state court's ruling and she asks this Court to order a return of her animals or award her monetary reimbursement for their value because the state court lacked jurisdiction and the proceedings were a sham. (*See* Am. Compl. at 2).

---

[4] The Court notes that Plaintiff attaches a copy of the statutory text of § 1985 wherein she highlights portion of subsection 3. *See* attachments to Am. Compl. The Court construes plaintiff's actions to indicate that her claim is premised on the language in subsection 3 of section 1985.

[5] Subsections one and two apply to conspiracies to prevent an officer from performing his duties and conspiracies to obstruct justice by intimidating a party, witness or juror. *See* 42 U.S.C. § 1985(1), (2).

Such allegations necessarily ask the Court to collaterally review the state court's final order of forfeiture.

Under 28 U.S.C. §1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. *Id.* In this case, the state court's order of forfeiture was a final judgment because under the Texas statute governing the disposition of cruelly treated animals, an owner has no right to appeal an order that gives the animals to the SPCA. *See* TEX. HEALTH & SAFETY CODE § 821.025(a). With the *Rooker-Feldman* doctrine, the Supreme Court "definitively established . . . that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "It is hornbook law that no court of the United States— other than the United States Supreme Court—can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision." *Jordaan*, 275 F. Supp. 2d at 788. When a federal action attempts to circumvent the state appellate process to collaterally attack the validity of state court judgments and final orders, the lower federal courts lack subject matter jurisdiction over such action.

*See id.* at 788-89. The *Rooker-Feldman* doctrine is applicable, however, only to the extent a state court judgment merits full faith and credit. *Richard v. Hoechst Celanese Chem. Group, Inc.,* 355 F.3d 345, 350 (5th Cir. 2003); *In re Lease Oil Antitrust Litig.,* 200 F.3d 317, 319 n. 1 (5th Cir. 2000) (noting that the doctrine is consistent with the Full Faith and Credit Act, 28 U.S.C. § 1738).

Although the Supreme Court recently sought to clarify the precise contours of the *Rooker-Feldman* doctrine in light of various interpretations "in the lower courts," the clarification does not appear to alter the cited precedent. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-28 (2005). As delineated by *Exxon Mobil Corp.*, "the *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 1521-22.

Plaintiff's complaint is replete with allegations that defendants violated her constitutional rights when the forfeiture proceeding was held before a court that lacked jurisdiction, and when defendants conspired to bring the matter before a court that lacked jurisdiction in order to unlawfully keep and sell her animals. (*See* Am. Compl. at 2-6). Plaintiff's claims that the state court lacked jurisdiction is a direct invitation for this Court to review the validity of the state court's final order. Her claims of an alleged conspiracy between defendants to bring the forfeiture proceeding before a court without jurisdiction is in effect another challenge to the validity of the state court's order of forfeiture. In order for this Court to find that defendants unlawfully acquired Plaintiff's animals, the Court would necessarily have to determine whether the state court's forfeiture order is valid. *See Bell v. Valdez*, 207 F.3d 657 (5th Cir. 2000) (unpublished) (holding the *Rooker-Feldman* doctrine barred plaintiff's conspiracy claims brought under §§ 1983 and 1985); *see also Williams v. Liberty Mutual Ins. Co.*, No.

04-30768, 2005 WL 776170, slip op. at *1-*2 (5th Cir. Apr. 7, 2005) (holding the *Rooker-Feldman* doctrine barred plaintiff's RICO claim under 18 U.S.C. § 1961 *et seq*. and his 42 U.S.C. § 1983 claims). In other words, Plaintiff's federal claims are inextricably intertwined with the state court's judgment against plaintiff.

In summary, the *Rooker-Feldman* doctrine divests this Court of jurisdiction over Plaintiff's claims. In reviewing Plaintiff's alleged §§ 1983, 1985, and 1962 claims, the Court would necessarily have to rule upon the validity of the state court's order of forfeiture. Because Plaintiff's claims concerning the state court proceedings are "inextricably intertwined" with the rulings of the state court, this Court lacks subject matter jurisdiction to entertain such claims. Consequently, the Court should dismiss all of Plaintiff's federal claims for lack of jurisdiction.

**B.**   **Claims on behalf of Additional Parties**

The title of Plaintiff's motion for leave to amend her complaint also includes a request to add additional indispensable parties, but Plaintiff does not explain who the additional parties are and why they are indispensable to this suit. *See generally* Mot. at 1. By comparing Plaintiff's amended complaint to her original complaint, it appears that she adds two additional parties as Plaintiffs with the designation "Chambers family" and the designation "John and Jane Doe as they become known." (*See* Am. Compl. at 1). Assuming for purposes of this discussion that Plaintiff is permitted to bring claims on behalf of these parties,[6] such claims are also subject to dismissal.

The Federal Rules of Civil Procedure require a plaintiff to disclose his name when he files a complaint with the Court. *See* FED. R. CIV. P. 10(a). Neither the federal rules nor the statutes cited in

---

[6] The Court notes that the complaint is signed only by Marsha Chambers, "*pro se*." (*See* Am. Compl. at 7). "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzalez v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citation omitted).

the complaint make any exceptions to the requirement of identifying the parties in the complaint.[7] *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Further, Rule 17 requires that every suit "be prosecuted in the name of the real party in interest." *See* FED. R. CIV. P. 17(a). Thus, the plaintiffs identified as "Chambers Family" and "John and Jane Doe" cannot sue under fictitious names. *Southern Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713. Because these fictitious plaintiffs[8] lack standing to sue, the Court lacks jurisdiction and should dismiss their claims. *See Hastey v. Bush*, No. 5:03-CV-0088-C, 2003 WL 22289885, at *1-*3 (N.D. Tex. Oct. 6, 2003).

**C.** **Claims against Additional Parties**

Finally, Plaintiff seeks to sue "John and Jane Doe." (*See* Am. Comp. at 1). "Neither the Federal Rules of Civil Procedure nor the statutes cited by plaintiff[] as the basis for this suit . . . provides any authority for the joining of fictitious defendants." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Because the Court lacks personal jurisdiction over unidentified,

---

[7] While Courts have allowed parties to use fictitious names under special circumstances involving "'matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," such issues are not at raised in the present suit before the Court. *See Southern Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 712-13 (citations omitted).

[8] The allegations in Plaintiff's amended complaint do not shed further light on the identity of the unnamed plaintiffs, although she makes a brief reference to a class of animal breeders. (*See*, *e.g.*, Am. Compl. at 4 ("The Plaintiff alleges and can reasonably prove a pattern of the SPCA of Texas involvement against animal breeders as a class of persons whose civil and constitutional rights were intentionally violated during the numerous seizures of which the SPCA of Texas made a profit from with the help of local law enforcement personal [sic] and with the use of intentional unlawful entry upon private property under the color of state laws and statutes.")). Plaintiff's stray allegations regarding a class of animal breeders are insufficient to show an intent to bring her suit as a class action. Even if the Court were to construe the amended complaint as an attempt to bring a class action, however, Plaintiff has failed to comply with the procedural requirements of Rule 23(a) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 23(a). Because Plaintiff's claims concern various acts and omissions relevant only to her, she does not satisfy the first prerequisite—that "the class is so numerous that joinder of all members is impractical." *Id.* The members of the class must be numerous, not the claims asserted by a single plaintiff against numerous defendants. Further, when a pro se plaintiff files suit on behalf of himself/herself and other citizens, but the case has not been certified as a class action, the Court construes plaintiff's claims as being asserted only on plaintiff's behalf. *See, e.g., Gant v. Lockheed Martin Corp.*, No. 3:03-CV-2782-L(BH), 2004 WL 1068131, at *1 n.1 (N.D. Tex. May 11, 2004). As previously discussed, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

fictitious defendants, claims against such defendants are subject to dismissal "pursuant to Fed. R. Civ. P. 12(b)(1) and (2)." *Id.*

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Leave to Amend Petition and Add Additional Parties Which Are Indispensable* (Doc. #16) is **GRANTED**.  The Clerk is directed to file the amended complaint submitted with Plaintiff's motion for leave on January 22, 2007.

Further, it is **RECOMMENDED** that the *Motion to Dismiss and Brief in Support of Defendants SPCA of Texas, Art Muñoz and James Bias* (Doc. #6) be **DENIED as moot**.

It is further **RECOMMENDED** that the Court **DISMISS** Plaintiff's amended complaint for lack of jurisdiction.

**SO ORDERED**, on this the 21st day of June, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11